RJG/MGP                                                                    5409-26662

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER EXNER, Individually, and as Administrator of the Estate of John Jay Exner, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. |
| | ) | |
| ROBERT F. EBEL, THE FEIL ORGANIZATION, a New York corporation, MANINDERJIT LAMBU SINGH, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and EAN HOLDINGS, LLC, a Delaware Limited Liability Company, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>PETITION FOR REMOVAL</u>

NOW COME Defendants, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation , and MANINDERJIT LAMBU SINGH, a Wisconsin citizen, by their attorneys, Robert J. Golden, Michael G. Patrizio, and Dowd & Dowd, Ltd., and pursuant to 28 U.S.C. 1332, 1441, and 1446, remove this lawsuit from the Circuit Court of Cook Court, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Defendants state as follows:

1.      The ground for removal is subject matter jurisdiction based on diversity of citizenship as established in 28 U.S.C. 1332.

2.      Plaintiff is JENNIFER EXNER, Individually, and as Administrator of the Estate of John Jay Exner, Deceased. At all relevant times, Decedent John Jay Exner was a citizen of the State of North Dakota. See, Complaint, attached as Exhibit A.

3.     Defendant, THE FEIL ORGANIZATION, is a New York corporation.  (Exhibit A.) Upon information and belief, its corporate headquarters is located at 7 Penn Plaza, New York City, State of New York. It is therefore a citizen of the State of New York. See, Exhibit B, https://feilorg.com/contact_offices.

4.     Defendant MANINDERJIT LAMBU SINGH is a Citizen of the State of Wisconsin. Exhibit A.

5.     Defendant SCHNEIDER NATIONAL CARRIERS, INC., is a Nevada corporation. (Exhibit A.) It has its principal place of business at 3101 South Packerland Drive, Green Bay, Wisconsin 54303. (See, Federal Motor Carrier Safety Administration Snapshot, attached as Exhibit C.) Defendant is therefore a citizen of the States of Nevada and Wisconsin.

6.     Defendant EAN HOLDINGS, LLC, is a Delaware Limited Company. Exhibit A.[1] It is a wholly-owned subsidiary of Enterprise Holdings, LLC, also a Delaware Limited Company. Both entities have their principal place of business in St. Louis, Missouri. See, Op. of Judge Milton I. Shadur in *Keith v. EAN Holdings, LLC*, No. 16 C 4610, attached as Exhibit D.

7.     Accordingly, complete diversity of citizenship exists among all Parties.

8.     The named party Defendants have not yet filed an appearance in the case. Defendants here understand all defendants must agree to removal. At this time, Defendants have no grounds to believe that co-defendants will not consent to removal.

9.     This lawsuit arises from an alleged motor vehicle accident that occurred on August 22, 2020, on southbound Interstate 55 near Cass Avenue in Downers Grove, DuPage County, Illinois. Plaintiff alleges her decedent was fatally injured in a multi-vehicle accident. Exhibit A, par. 14-26.

---

[1] Defendants are aware that for purposes of diversity jurisdiction, this Court must consider the citizenship of all members of the limited liability corporation. *Keith v. EAN Holdings, LLC*, No. 16 C 4610 (N.D. Ill. April 16, 2016).  Defendants have not found any additional information on other members (if any) of the LLC.

10.     On August 19, 2022, Plaintiff filed a Complaint at Law in the Circuit Court of Cook County, styled *Jennifer Exner, Individually, and as Administrator of the Estate of John Jay Exner, Deceased, Plaintiff, v. Robert F. Ebel, et al, Defendants,* No. 2021 L 7501. Exhibit A.

11.     Because the Complaint contains a count for wrongful death and a survival action, among others, Defendants believe in good faith that the amount in controversy exceeds the jurisdictional amount of $75,000.

12.     Upon information and belief, Defendant SINGH was served by personal service with the Summons and Complaint on August 30, 2022.

13.     Accordingly, this Notice of Removal was filed within 30 days of "the receipt by the defendant, through service of otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. 1446(b).

14.     As required by 28 U.S.C. 1446(d), Defendants will promptly serve upon Plaintiff's counsel, and file with the Clerk of the Circuit Court of Cook County, a true and correct copy of this Notice.

15.     By removing this action, Defendants do not waive any defenses available to it.

16.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of its position that this case is removable.

17.     This Notice is signed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and MANINDERJIT LAMBU SINGH, by their attorneys, pray that this Honorable Court retain jurisdiction of this matter pursuant to 28 U.S.C. 1332, 1441 and 1446.

Respectfully submitted,


By:     s/ Robert J. Golden

Robert J. Golden, ARDC No. 6193047
Michael G. Patrizio, ARDC No. 6188853
Dowd & Dowd, Ltd.
227 West Monroe Street—Suite 2650
Chicago, Illinois 60606
Tel.: (312) 704-4400
rgolden@dowdanddowd.com
mpatrizio@dowdanddowd.com

ll Law Division initial Case Management Dates will be heard via 12-Person Jury
or more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
emote Court date: 10/19/2022 9:30 AM

* 5 0 2 0 3 7 9 4 *
FILED
8/19/2022 4:08 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L007501
Calendar, R
19165938

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, ) ) ) ) Plaintiff, ) ) -vs- ) ) ROBERT F. EBEL, THE FEIL ORGANIZATION, INC., a New York Corporation, MANINDERJIT LAMBU SINGH, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada Corporation, EAN HOLDINGS, LLC, a Delaware Limited Liability Company, ) ) ) ) ) ) ) ) ) ) Defendants. | No. **2022L007501** **Amount claimed: In Excess of $50,000.00** **DEMANDS TO BE HEARD BY A JURY OF TWELVE** |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, JENNIFER EXNER, individually, and as Administrator of

the Estate of John Jay Exner, Deceased ("Plaintiff"), by and through her attorneys, GORDON

LAW OFFICES, LTD., and complains of Defendants, ROBERT F. EBEL ("Defendant Ebel"),

THE FEIL ORGANIZATION, INC., a New York Corporation ("Defendant Feil"),

MANINDERJIT LAMBU SINGH ("Defendant Singh"), SCHNEIDER NATIONAL CARRIERS,

INC., a Nevada Corporation ("Defendant Schneider"), and EAN HOLDINGS, LLC, a Delaware

Limited Liability Company ("Defendant EAN"), as follows:

### COMMON FACTS

1. At all times relevant, John Jay Exner ("Decedent") resided in Fargo, North Dakota.

2. At all times relevant, Decedent was employed as a truck driver for Donegal

Services, based in Lemont, Illinois.



* 5 0 2 0 3 7 9 4 *

3.     At all times relevant, Defendant Ebel resided in Chicago, Cook County, Illinois.

4.     At all times relevant, Defendant Ebel was an employee of Defendant Feil as a leasing representative for North Riverside Mall.

5.     At all times relevant, Defendant Feil was a real estate firm incorporated and headquartered in New York.

6.     At all times relevant, Defendant Feil owned, operated and maintained North Riverside Mall, in North Riverside, Cook County, Illinois.

7.     At all times relevant, Defendant Singh resided in Oak Creek, Milwaukee County, Wisconsin.

8.     At all times relevant, Defendant Singh was employed as a truck driver for Defendant Schneider.

9.     At all times relevant, Defendant Schneider was incorporated in Nevada, headquartered in Wisconsin, and maintained a registered agent in Chicago, Cook County, Illinois.

10.     At all times relevant, Defendant EAN was a Delaware Limited Liability Company that conducted business and maintained a registered agent in Chicago, Cook County, Illinois.

11.     On August 22, 2020, Decedent dropped off a truck on behalf of Donegal Services and was given a rental car, paid for by Donegal, to drive back home.

12.     The rental car was a 2020 Toyota Camry, owned, maintained, and controlled by Defendant EAN.

13.     Donegal Services booked, paid for, and secured delivery of the vehicle from Defendant EAN for Decedent to use.

14.     On said date, Decedent was operating Defendant EAN's vehicle, and was traveling southbound on I-55.

2

15.     As Decedent was operating said vehicle at said time and place, upon information and belief, the vehicle began to malfunction, causing Decedent to pull off onto the shoulder of southbound I-55 just past the Cass Ave. exit in Downers Grove, DuPage County, Illinois.

16.     On said date, time, and place, Defendant Singh was operating a semi-tractor and trailer, traveling southbound on I-55.

17.     On said date, time and place, Defendant Singh made maneuvers to make it appear that he had intended to exit southbound I-55 at Cass Ave.

18.     At the last minute, as Defendant Singh was passing the Cass Ave. exit, Defendant Singh spontaneously and without warning, maneuvered his vehicle to remain in the rightmost lane of southbound I-55.

19.     On said date, time, and place, Defendant Ebel was driving behind Defendant Singh on southbound I-55.

20.     At all times relevant, Defendant Ebel was driving a vehicle paid for by his employer, Defendant Feil, which was given to Defendant Ebel for employment purposes.

21.     At all times relevant, Defendant Ebel was acting within the scope of his employment.

22.     On said date, time, and place, as Defendant Singh maneuvered to exit at Cass Ave., Defendant Ebel prepared to pass Defendant Singh.

23.     On said date, time, and place, when it became apparent that Defendant Singh was not going to exit at Cass Ave., Defendant Ebel, chose to try and pass Defendant Singh on the shoulder of southbound I-55.

24.     On said date, time, and place, Defendant Ebel saw Decedent parked on the shoulder of southbound I-55, just past the Cass Ave. exit.

3

25.     On said date, time, and place, despite Defendant Ebel knowing Decedent was parked on the shoulder, Defendant Ebel proceeded to attempt to pass Defendant Singh on the shoulder of southbound I-55, causing a collision with Decedent and Defendant Singh.

26.     As a result of the collision, Decedent succumbed to his injuries on August 23, 2020.

## COUNT I – NEGLIGENCE
### JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. Robert F. Ebel

27.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 26 herein as set fully forth as paragraph 27 of Plaintiff's Complaint.

28.     At all times relevant, Decedent was in the exercise of due care and caution for his own safety and the safety of others.

29.     On said date, time, and place, Defendant Ebel owed to Decedent, a duty to operate, maintain and control his motor vehicle in a safe and lawful manner.

30.     Notwithstanding said duty, at said time and place, Defendant Ebel was guilty of one or more of the following careless and negligent acts or omissions:

a)  Operated his motor vehicle without keeping a proper and sufficient lookout;

b)  Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

c)  Attempted to pass on the right of Defendant Singh in violation of 625 ILCS 5/11-703(a);

d)  Drove on the shoulder in violation of 625 ILCS 5/11-709.1(a);

e)  Followed to closely to Defendant Singh in violation 625 ILCS 5/11-710;

f)  Failed to yield, to Plaintiff who was lawfully stopped on the right-shoulder;

g)  Operated his motor vehicle in a dangerous and reckless manner;



h) Was otherwise negligent in the operation of his motor vehicle so as to cause a collision with the Decedent's vehicle.

31. As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant Ebel, his vehicle came into contact causing a collision with Decedent's vehicle.

32. As a direct and proximate result of the aforementioned collision, Decedent was killed.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, ROBERT F. EBEL, in an amount in excess of $50,000.00, plus costs.

## COUNT II – RESPONDEAT SUPERIOR
### JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. The Feil Organization, a New York Corporation

33. Plaintiff re-alleges and restates Paragraphs 1 – 26 as though fully set forth herein as Paragraph 33 of Plaintiff's Complaint.

34. At all times relevant, Defendant Feil was the owner of the vehicle driven by Defendant Ebel, which was then and there being operated by its duly authorized agent, servant and/or employee, Defendant Ebel.

35. At all times relevant, Defendant Ebel was acting within the scope of his employment for Defendant Feil.

36. On said date, time, place, and location, Defendant Feil had a duty, at all times relevant hereto, to prevent such negligent acts or omissions from occurring and is vicariously liable under the doctrine of respondent superior for such negligent acts or omissions of its duly authorized agent, servant and/or employee, Defendant Ebel.

5

* 5 0 2 0 3 7 9 4 *

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, THE FEIL ORGANIZATION, a New York Corporation, in an amount in excess of $50,000.00, plus costs.

## COUNT III – NEGLIGENCE
### JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. MANINDERJIT LAMBU SINGH

37.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 - 26 herein as paragraph 37 of Plaintiff's Complaint.

38.     At all times relevant, Decedent was in the exercise of due care and caution for his own safety and the safety of others.

39.     On said date, time, and place, Defendant Singh owed to Decedent a duty to operate, maintain and control his motor vehicle in a safe and lawful manner.

40.     Notwithstanding said duty, at said time and place, Defendant Singh was guilty of one or more of the following careless and negligent acts or omissions:

a)  Operated his motor vehicle without keeping a proper and sufficient lookout;

b)  Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

c)  Failed to safely transition between lanes in violation of 625 ILCS 5/11-709(a);

d)  Operated his motor vehicle in a dangerous and reckless manner;

e)  Was otherwise negligent in the operation of his motor vehicle so as to cause a collision with the Decedent's vehicle, which was lawfully present.

41.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant Singh, Defendant Ebel's vehicle came into contact causing a collision with the Decedent's vehicle.

6

42.     As a direct and proximate result of the aforementioned collision, Decedent was killed.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH, in the amount in excess of $50,000.00, plus costs.

### COUNT IV – RESPONDAET SUPERIROR
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. SCHNEIDER NATIONAL CARRIERS INC., a Nevada Corporation**

43.     Plaintiff re-alleges and restates Paragraphs 1 – 26, and 37 - 42 as though fully set forth herein as Paragraph 43 of Plaintiff's Complaint.

44.     At all times relevant, Defendant Schneider was responsible for the vehicle driven by Defendant Singh, which was then and there being operated by its duly authorized agent, servant and/or employee, Defendant Singh.

45.     At all times relevant, Defendant Singh was acting within the scope of his employment for Defendant Schneider.

46.     On said date, time, place and location, Defendant Schneider had a duty, at all times relevant hereto, to prevent such negligent acts or omissions from occurring and is vicariously liable under the doctrine of respondent superior for such negligent acts or omissions of its duly authorized agent, servant and/or employee, Defendant Singh.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, SCHNEIDER NATIONAL CARRIERS, INC, a Nevada Corporation, in an amount in excess of $50,000.00, plus costs.

7



* 5 0 2 0 3 7 9 4 *

## COUNT V – NEGLIGENCE
### JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. EAN HOLDINGS, a Delaware Limited Liability Company

47.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 - 26 herein as paragraph 47 of Plaintiff's Complaint.

48.     At all times relevant, Defendant EAN Holdings was the registered owner of the 2020 Toyota Camry.

49.     At all times relevant Defendant EAN Holdings has duty to properly maintain the 2020 Toyota Camry in a safe and usable manner.

50.     Despite said duty, Defendant EAN Holdings failed to maintain the 2020 Toyota Camry in a safe and usable manner.

51.     As a direct and proximate result of one or more of the foregoing acts and/or omissions, the vehicle malfunctioned causing the Decedent to stop in the southbound shoulder of I-55 just past the Cass Ave. exit, where Decedent was struck and killed.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, EAN HOLDINGS, LLC, a Delaware Limited Liability Company, in an amount in excess of $50,000.00, plus costs.

## COUNT VI – WRONGFUL DEATH
### JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. Robert F. Ebel

52.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 36 herein as set fully forth as paragraph 52 of Plaintiff's Complaint.

53.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Robert Ebel, Decedent was fatally injured, the decedent's

8



surviving family have been deprived of the love, care, and support as a result of said accident and herewith claims such as damages arising now and into the future.

54. Plaintiff brings this action as such administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, Robert Ebel, in an amount in excess of $50,000.00, plus costs.

### COUNT VII – WRONGFUL DEATH
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. The Feil Organization, a New York Corporation**

55. Plaintiff re-alleges and restates Paragraphs 1 – 26 and 33-36, as though fully set forth herein as Paragraph 55 of Plaintiff's Complaint.

56. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Feil, Decedent was fatally injured, the decedent's surviving family have been deprived of the love, care, and support as a result of said accident and herewith claims such as damages arising now and into the future.

57. Plaintiff brings this action as such administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, THE FEIL ORGANIZATION, a New York Corporation, in an amount in excess of $50,000.00, plus costs.

### COUNT VIII – WRONGFUL DEATH
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. MANINDERJIT LAMBU SINGH**

* 5 0 2 0 3 7 9 4 *

58.     Plaintiff re-alleges and restates Paragraphs 1 – 26 and 37-42, as though fully set forth herein as Paragraph 58 of Plaintiff's Complaint.

59.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Singh, Decedent was fatally injured, the decedent's surviving family have been deprived of the love, care, and support as a result of said accident and herewith claims such as damages arising now and into the future.

60.     Plaintiff brings this action as such administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH , a New York Corporation, in an amount in excess of $50,000.00, plus costs.

### COUNT IX – WRONGFUL DEATH
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. SCHNEIDER NATIONAL CARRIERS INC., a Nevada Corporation**

61.     Plaintiff re-alleges and restates Paragraphs 1 – 26 and 43-46, as though fully set forth herein as Paragraph 61 of Plaintiff's Complaint.

62.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Schneider, Decedent was fatally injured, the decedent's surviving family have been deprived of the love, care, and support as a result of said accident and herewith claims such as damages arising now and into the future.

63.     Plaintiff brings this action as such administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq.

* 5 0 2 0 3 7 9 4 *

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, SCHNEIDER NATIONAL CARRIERS INC., in an amount in excess of $50,000.00, plus costs.

## COUNT X – WRONGFUL DEATH
### JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. EAN HOLDINGS, a Delaware Limited Liability Company

64.    Plaintiff re-alleges and restates Paragraphs 1 – 26 and 47-51, as though fully set forth herein as Paragraph 64 of Plaintiff's Complaint.

65.    That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of EAN, Decedent was fatally injured, the decedent's surviving family have been deprived of the love, care, and support as a result of said accident and herewith claims such as damages arising now and into the future.

66.    Plaintiff brings this action as such administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, EAN HOLDINGS, in an amount in excess of $50,000.00, plus costs.

## COUNT XI– SURVIVAL ACTION
### JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. Robert F. Ebel

67.    Plaintiff re-alleges and restates Paragraphs 1 – 36 as though fully set forth herein as Paragraph 67 of Plaintiff's Complaint.

68.    That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Ebel, Decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future

11

income as a result of said accident and herewith claims such as damages arising now and into the future.

69.     That Plaintiff brings this action as such administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, ROBERT F. EBEL, in an amount in excess of $50,000.00, plus costs.

### COUNT XII – SURVIVAL ACTION
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. The Feil Organization, a New York Corporation**

70.     Plaintiff re-alleges and restates Paragraphs 1 – 26 and 33-36 as though fully set forth herein as Paragraph 70 of Plaintiff's Complaint.

71.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Feil, Decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future income as a result of said accident and herewith claims such as damages arising now and into the future.

72.     That Plaintiff brings this action as such administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, THE FEIL ORGANIZATION, in an amount in excess of $50,000.00, plus costs.

### COUNT XIII – SURVIVAL ACTION
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. MANINDERJIT LAMBU SINGH**

* 5 0 2 0 3 7 9 4 *

73. Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 26 and 37-42 herein as Paragraph 73 of Plaintiff's Complaint.

74. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Singh, Decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future income as a result of said accident and herewith claims such as damages arising now and into the future.

75. That Plaintiff brings this action as such administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH, in an amount in excess of $50,000.00, plus costs.

## COUNT XIV – SURVIVAL ACTION
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. SCHNEIDER NATIONAL CARRIERS INC., a Nevada Corporation**

76. Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 26 and 43-46 herein as Paragraph 76 of Plaintiff's Complaint.

77. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Schneider, Decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future income as a result of said accident and herewith claims such as damages arising now and into the future.

78. That Plaintiff brings this action as such administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq.

13

* 5 0 2 0 3 7 9 4 *

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, SCHNEIDER NATIONAL CARRIERS INC., in an amount in excess of $50,000.00, plus costs.

### COUNT XV – SURVIVAL ACTION
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. EAN HOLDINGS, a Delaware Limited Liability Company**

79.    Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 26 and 47-51 herein as Paragraph 79 of Plaintiff's Complaint.

80.    That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, EAN, Decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future income as a result of said accident and herewith claims such as damages arising now and into the future.

81.    That Plaintiff brings this action as such administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, EAN HOLDINGS, in an amount in excess of $50,000.00, plus costs.

Respectfully submitted,
JENNIFER EXNER, individually,
and as Administrator of the Estate of
John Jay Exner, Deceased

_____
One of the Attorneys for Plaintiff

14

Richard R. Gordon
Tod Rottman
GORDON LAW OFFICES, LTD.
111 W. Washington St., Ste. 1240
(312) 332-5200
Atty # 57507
thr@gordonlawchicago.com
rrg@gordonlawchicago.com
Attorneys for Plaintiff

8/19/2022 4:08 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L007501
Calendar, R

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, )<br><br>Plaintiff, )<br><br>-vs- )<br><br>ROBERT F. EBEL, THE FEIL ORGANIZATION, INC., a New York Corporation, MANINDERJIT LAMBU SINGH, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada Corporation, EAN HOLDINGS, LLC, a Delaware Limited Liability Company, )<br><br>Defendants. ) | No. 2022L007501<br><br>Amount claimed: In Excess of $50,000.00 DEMANDS TO BE HEARD BY A JURY OF TWELVE |

### AFFIDAVIT

I, Tod Rottman, first being duly sworn on oath, depose and state as follows:

The damages claimed by the Plaintiff exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00). FURTHER AFFIANT SAYETH NOT.

Tod Rottman
Attorney for Plaintiff

### VERIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Tod Rottman

16

# Offices



**Corporate Headquarters**

**The Feil Organization**

- 7 Penn Plaza, 11th Floor
- 7th Avenue at 31st Street
- New York, NY 10001
- 212.563.6557 | 212.563.6657 Fax

**Midwest Region**

- **Chicago**
- 10 South LaSalle Street, Suite 300
- Chicago, Illinois 60603
- 312.419.3100 | 312.419.3109 Fax
- Area Map

**Southeast Region**

- **New Orleans**
- 3301 Veterans Memorial Boulevard Suite 209
- Metairie, Louisiana 70002
- 504.835.8000 | 504.831.1170 Fax
- Area Map

- **Florida**
- 9600 Koger Boulevard, Suite 100
- St. Petersburg, Florida 33702

9/22/22, 1:32 PM          SAFER Web - Company Snapshot SCHNEIDER NATIONAL CARRIERS INC

○ USDOT Number   ○ MC/MX Number   ● Name

Enter Value:   SCHNEIDER NATIONAL CA

[Search]

***Company Snapshot***

**SCHNEIDER NATIONAL CARRIERS INC**
USDOT Number: 264184

**ID/Operations** | **Inspections/Crashes In US** | **Inspections/Crashes In Canada** | **Safety Rating**

| Other Information for this Carrier |
| --- |
| ▼ SMS Results |
| ▼ Licensing & Insurance |

**Carriers:** If you would like to update the following ID/Operations information, please complete and submit form MCS-150 which can be obtained online or from your State FMCSA office. If you would like to challenge the accuracy of your company's safety data, you can do so using FMCSA's DataQs system.

**Carrier and other users:** FMCSA provides the Company Safety Profile (CSP) to motor carriers and the general public interested in obtaining greater detail on a particular motor carrier's safety performance then what is captured in the Company Snapshot. To obtain a CSP please visit the CSP order page or call (800)832-5660 or (703)280-4001 (Fee Required).

For help on the explanation of individual data fields, click on any field name or for help of a general nature go to **SAFER General Help**.

**The information below reflects the content of the FMCSA management information systems as of 09/21/2022.**

**To find out if this entity has a pending insurance cancellation, please click here.**

| | | | |
| --- | --- | --- | --- |
| Entity Type: | **CARRIER/CARGO TANK/BROKER** | | |
| Operating Status: | **AUTHORIZED** | Out of Service Date: | **None** |
| Legal Name: | **SCHNEIDER NATIONAL CARRIERS INC** | | |
| DBA Name: | | | |
| Physical Address: | **3101 S PACKERLAND DR** **GREEN BAY, WI 54313** | | |
| Phone: | **(800) 558-6767** | | |
| Mailing Address: | **PO BOX 2545** **GREEN BAY, WI 54306-2545** | | |
| USDOT Number: | **264184** | State Carrier ID Number: | |
| MC/MX/FF Number(s): | **MC-133655** | DUNS Number: | **15-730-4676** |
| Power Units: | **10,612** | Drivers: | **12,468** |
| MCS-150 Form Date: | **06/30/2022** | MCS-150 Mileage (Year): | **990,000,000 (2021)** |

**Operation Classification:**

| | | |
| --- | --- | --- |
| X Auth. For Hire | Priv. Pass.(Non-business) | State Gov't |
| Exempt For Hire | Migrant | Local Gov't |
| Private(Property) | U.S. Mail | Indian Nation |
| Priv. Pass. (Business) | Fed. Gov't | |

**Carrier Operation:**

| | | |
| --- | --- | --- |
| X Interstate | Intrastate Only (HM) | Intrastate Only (Non-HM) |

**Cargo Carried:**

| | | |
| --- | --- | --- |
| X General Freight | Liquids/Gases | X Chemicals |
| Household Goods | X Intermodal Cont. | X Commodities Dry Bulk |
| Metal: sheets, coils, rolls | Passengers | X Refrigerated Food |
| Motor Vehicles | Oilfield Equipment | X Beverages |
| Drive/Tow away | Livestock | X Paper Products |
| X Logs, Poles, Beams, Lumber | Grain, Feed, Hay | Utilities |
| X Building Materials | Coal/Coke | Agricultural/Farm Supplies |
| Mobile Homes | X Meat | Construction |
| Machinery, Large Objects | Garbage/Refuse | Water Well |
| X Fresh Produce | US Mail | |

**ID/Operations** | Inspections/Crashes In US | **Inspections/Crashes In Canada** | **Safety Rating**



  

Home / Browse Decisions / KEITH v. EAN HOLDINGS, LLC

# KEITH v. EAN HOLDINGS, LLC

Case No. 16 C 4610.

Email | Print | Comments (0)

**View Case**    Cited Cases

*JEFFERY M. KEITH, Plaintiff, v. EAN HOLDINGS, LLC; ENTERPRISE HOLDINGS, LLC; ENTERPRISE HOLDINGS CORP.; and KELVIN WONG, Defendants.*

United States District Court, N.D. Illinois, Eastern Division.

April 29, 2016.

*Attorney(s) appearing for the Case*

*Jeffery Keith, Plaintiff, represented by* Daniel Herbert Streckert*, Goldberg Weisman Cairo.*

## MEMORANDUM ORDER

**MILTON I. SHADUR,** *Senior District Judge.*

Jeffery Keith ("Keith") has sued three corporate entities described in Complaint ¶ 1 as "Enterprise entities" plus individual Kelvin Wong ("Wong"), seeking damages for personal injuries sustained by Keith as the result "of a motor vehicle collision on October 19, 2014 in which an Enterprise entities' vehicle operated by Kelvin Wong collided with the vehicle operated by Jeffery M. Keith" (id.). Because Keith's counsel have failed to allege the requisite diversity of citizenship on which they seek to predicate federal subject matter jurisdiction, this sua sponte memorandum order dismisses both the Complaint and this action for lack of jurisdiction.

Complaint ¶¶ 7 and 15 will be credited as satisfying the over-$75,000 floor required for diversity jurisdiction under 28 U.S.C. § 1332(a),[1] while Complaint ¶¶ 2 and 5 properly set out the states of citizenship of both Keith and Wong. But the only acceptable jurisdictional allegations as to the corporate defendants are those stated in Complaint ¶ 4 as to Enterprise Holding Corp. All that is said as to the other Enterprise entities is this:

> 3. Defendant, Enterprise Holdings, LLC, is a Delaware Corporation whose principal place of business is in St. Louis, Missouri. Enterprise Holdings LLC offices through the United States.
>
> * * *
>
> 6. Defendant, EAN Holdings, LLC, is a Delaware Limited Liability Corporation and is a wholly-owned subsidiary of Enterprise Holdings LLC, whose principal place of business is St. Louis, Missouri.