RJG/MGP 5409-26662

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER EXNER, Individually, and as Administrator of the Estate of John Jay Exner, a Wisconsin citizen | ) | |
| v. | ) | No. 1:22-cv-05275 |
| ROBERT F. EBEL, THE FEIL ORGANIZATION, a New York corporation, MANINDERJIT LAMBU SINGH, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and EAN HOLDINGS, LLC, a Delaware Limited Liability Company, | ) | Honorable John Robert Riley |
| Defendants. | ) | |

**DEFENDANTS SCHNEIDER NATIONAL CARRIERS, INC.'S AND MANINDERJIT LAMBU SINGH'S CROSS-CLAIMS FOR CONTRIBUTION**

NOW COME Defendants/Cross-Claimants, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and MANINDERJIT LAMBU SINGH, a Wisconsin citizen (hereinafter collectively "SCNEIDER"), by their attorneys, Robert J. Golden, Michael G. Patrizio, and Dowd & Dowd, Ltd., and for their Cross-Claims for Contribution against Defendants/Cross-Defendants, ROBERT F. EBEL, THE FEIL ORGANIZATION, a New York corporation, and EAN HOLDINGS, LLC, a Delaware Limited Liability Company, herein allege as follows:

## I. STATEMENT OF FACTS

### A. The Parties

1. This cause of action arises from a multi-motor vehicle accident that occurred on August 22, 2020, on southbound Interstate 55 at or near the Cass Avenue Exit in Downers Grove, DuPage County, Illinois. As a result, JENNIFER EXNER, Individually, and as Administrator of

the Estate of John Jay Exner, Deceased, has filed suit against Cross-Claimants and others. See, Complaint, attached as Exhibit A.

2. Defendant/Cross-Claimant, SCHNEIDER, is an interstate motor carrier with its principal place of business in Green Bay, Wisconsin.

3. At all relevant times, MANINDERJIT LAMBU SINGH was operating a tractor-trailer combination during the course of his employment or agency for SCHNEIDER.

4. The Complaint at Law alleges Plaintiff's Decedent, John Jay Exner, was employed as a truck driver for Denegal Services, based in Lemont, Illinois. At the time of the occurrence, he was operation a 2020 Toyota Camry leased from Defendant, EAN HOLDINGS, d/b/a National Car Rental.

5. The Complaint alleges that, at all times relevant, Defendant ROBERT F. EBEL was an employee of Defendant FEIL ORGANIZATION and worked as a leasing representative for a property known as the North Riverside Mall.

6. The Complaint alleges Defendant FEIL is a real estate firm incorporated and headquartered in New York.

7.. It is further alleged Defendant EAN HOLDINGS is a Delaware Limited Company. Upon information and belief, this Defendant does business as National Car Rental, which is in the business of leasing vehicles to the general public.

**B. The Occurrence**

8. On the date of the occurrence, August 22, 2020, Decedent was furnished by his employer with a vehicle rented from Defendant EAN.

9. The rental car was a 2020 Toyota Camry allegedly owned, operated, maintained, and controlled by Defendant EAN.

10. As Decedent was operating the Toyota, the Toyota allegedly began to malfunction, and Decedent pulled off southbound Interstate 55 and onto the shoulder just past the Cass Avenue exit in Downers Grove, DuPage County, Illinois.

11. Defendant SINGH was operating a SCHNEIDER semi-tractor and trailer and traveling southbound I-55 at Cass Avenue.

12. Defendant SINGH drove past the Cass Avenue exit in the right- hand lane of I-55.

13. Defendant EBEL allegedly was driving behind Defendant SINGH on southbound I-55.

14. Defendant EBEL attempted to pass the vehicle SINGH was operating by driving onto the shoulder of southbound I-55 at an excessive rate of speed.

15. As Defendant EBEL attempted to pass Defendant SINGH by driving on the shoulder of southbound I-55, EBEL's vehicle collided with those operated by Decedent and SINGH.

16. Decedent allegedly succumbed from the injuries sustained in the occurrence on the following day, August 23, 2020.

**C. Allegations of the Complaint**

17. Plaintiff alleges SINGH was negligent in the operation of his vehicle and that SCNEIDER is vicariously liability for SINGH's acts or omissions.

18. Plaintiff similarly alleges EBEL was negligent in the operation of his vehicle and that FEIL is vicariously liability for EBEL'S acts or omissions.

19. Lastly, Plaintiff alleges EAN failed to properly maintain the 2020 Toyota Camry Decedent was driving at the time of the occurrence.

20. SCHNEIDER has filed an Answer denying all material acts of negligence and has filed an Affirmative Defense as to Plaintiff's Complaint.

**COUNT I—CONTRIBUTION--SCHNEIDER v. ROBERT F. EBEL**

21. Cross-Plaintiff, SCHNEIDER, re-states and re-alleges Paragraphs 1 through 20 as and for Paragraphs 1- 20 of the Count I as if fully set forth herein.

22. At all times relevant, Cross-Defendant, ROBERT F. EBEL (hereinafter "EBEL"), owed a duty to Counter-Plaintiff and others using the highway to exercise reasonable case in the operation of his motor vehicle.

23. Cross-Defendant EBEL had a duty to drive on the instate highway and not on the shoulder, which created a hazard to others, including SCHNEIDER.

24. Cross-Defendant EBEL also operated his vehicle within the posted speed limit and not to drive his vehicle at an excessive rate of speed, which created and caused a hazard to himself and others, including SCHNEIDER.

25. Notwithstanding those and other duties, Cross-Defendant EBEL committed one or more of the following negligent acts or omissions:

(a) Failed to drive on the interstate highway in the absence of an emergency;

(b) Drove his vehicle at an excessive rate of speed;

(c) Failed to keep a proper lookout of others on the highway;

(d) Failed to brake his vehicle to prevent a collision with others; and

(e) Showed a disregard for the safety of others.

26. As a direct and proximate result of one or more of these negligent acts and/or omissions, Plaintiff EXNER alleges her Decedent sustained fatal injuries and other damages arising as a result.

27. At all relevant times, there was in full force and effect in the State of Illinois a statute commonly known as an "Act for Contribution Among Joint Tortfeasors," 740 ILCS 100/0.01 *et seq*. (the "Contribution Act").

28. If any judgment is entered in favor of Plaintiff EXNER and against Cross-Plaintiff, SCHNEIDER, then SCHNEIDER shall be entitled to contribution from EBEL in an amount commensurate with EBEL'S *pro rata* share of fault pursuant to the Contribution Act.

WHEREFORE, Cross-Plaintiffs, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and MANINDERJIT LAMBU SINGH, a Wisconsin citizen, pray that should any judgment be entered against them and in favor of Plaintiff, then judgment should be entered in SCHNEIDER'S favor and against EBEL in an amount commensurate with the *pro rata* share of fault pursuant to the Contribution Act, 740 ILCS 100/0.01 *et seq*.

**COUNT II—CONTRIBUTION --SCHNEIDER v. FEIL ORGANIZATION**

29. Cross-Plaintiff, SCHNEIDER, re-states and re-alleges Paragraphs 1 through 28 as and for Paragraphs 1- 20 of the Count II as if fully set forth herein.

30. At all times relevant, Cross-Defendant FEIL ORGANIZATION (hereinafter "FEIL") employed RBERT F. EBEL as a leasing representative and furnished EBEL with a motor vehicle to aid him in the performance of his duties.

31. EBEL was an employee, agent, or servant of FEIL.

32. FEIL was the owner of the vehicle EBEL was operating at the time of the occurrence.

33. At all relevant times, EBEL was operating the vehicle with the knowledge and permission of FEIL.

34. Under the doctrine of *respondeat superior*, FEIL is liable for its agent's negligent acts and/or omissions.

35. At all times relevant, Cross-Defendant, EBEL, owed a duty to Counter-Plaintiff, and others using the highway to exercise reasonable case in the operation of his motor vehicle.

36. Cross-Defendant EBEL had a duty to drive on the instate highway and not on the shoulder, which created a hazard to others, including SCHNEIDER.

37. Cross-Defendant EBEL also operated his vehicle within the posted speed limit and not to drive his vehicle at an excessive rate of speed, which created and caused a hazard to himself and others, including SCHNEIDER.

38. Notwithstanding those and other duties, Cross-Defendant EBEL committed one or more of the following negligent acts or omissions:

(a) Failed to drive on the interstate highway in the absence of an emergency;

(b) Drove his vehicle at an excessive rate of speed;

(c) Failed to keep a proper lookout of others on the highway;

(d) Failed to brake his vehicle to prevent a collision with others; and

(e) Showed a disregard for the safety of others.

39. As a direct and proximate result of one or more of these negligent acts and/or omissions, Plaintiff EXNER alleges her Decedent sustained fatal injuries and other damages arising as a result.

40. Any findings of negligence by EBEL would be imputed to FEIL.

41. At all relevant times, there was in full force and effect in the State of Illinois a statute commonly known as an "Act for Contribution Among Joint Tortfeasors," 740 ILCS 100/0.01 *et seq*. (the "Contribution Act").

42. If any judgment is entered in favor of Plaintiff EXNER and against Cross-Plaintiff, SCHNEIDER, then SCHNEIDER shall be entitled to contribution from FEIL in an amount

commensurate with FEIL'S *pro rata* share of fault pursuant to the Contribution Act.

WHEREFORE, Cross-Plaintiffs, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and MANINDERJIT LAMBU SINGH, a Wisconsin citizen, prays that should any judgment be entered against them and in favor of Plaintiff, then judgment should be entered in SCHNEIDER'S favor and against FEIL in an amount commensurate with the *pro rata* share of fault pursuant to the Contribution Act, 740 ILCS 100/0.01 *et seq*.

**COUNT III—CONTRIBUTION--SCHNEIDER v. EAN HOLDINGS**

43. Cross-Plaintiff, SCHNEIDER, re-states and re-alleges Paragraphs 1 through 42 as and for Paragraphs 1- 243of this Count III as if fully set forth herein.

44. At all times relevant, Cross-Defendant EAN HOLDINGS (hereinafter "EAN") was in the business of leasing motor vehicles to the general public.

45. EAN leased a 2020 Toyota Camry to Plaintiff's Decedent, EXNER, either directly to EXNER or through his employer.

46. EAN had a duty to maintain the vehicles it leased, including the 2020 Camry, in such a manner so that they operated properly and did not cause a hazard to its customers or others.

47. EAN also had a duty to inspect the vehicles it leased, including the 2020 Camry, in such a manner so that they operated properly and did not cause a hazard to its customers or others.

48. EAN breached those duties by leasing a motor vehicle that is alleged to have malfunctioned or was otherwise defective while EXNER was driving it.

49. The defect or malfunction caused EXNER to pull off southbound I-55 and onto the shoulder past the Cass Avenue exit.

50. While EXNER standing on the shoulder, a motor vehicle operated by EBEL collided the 2020 Camry, causing injury to EXNER.

51. As a direct and proximate result EAN's breach of duties, Plaintiff EXNER alleges her Decedent sustained fatal injuries and other damages arising as a result.

52. At all relevant times, there was in full force and effect in the State of Illinois a statute commonly known as an "Act for Contribution Among Joint Tortfeasors," 740 ILCS 100/0.01 *et seq*. (the "Contribution Act").

53. If any judgment is entered in favor of Plaintiff EXNER and against Cross-Plaintiff, SCHNEIDER, then SCHNEIDER shall be entitled to contribution from EAN in an amount commensurate with FEIL'S *pro rata* share of fault pursuant to the Contribution Act.

WHEREFORE, Cross-Plaintiffs, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and MANINDERJIT LAMBU SINGH, a Wisconsin citizen, prays that should any judgment be entered against them and in favor of Plaintiff, then judgment should be entered in SCHNEIDER'S favor and against EAN in an amount commensurate with the *pro rata* share of fault pursuant to the Contribution Act, 740 ILCS 100/0.01 *et seq*.

Respectfully submitted,

By: s/ Robert J. Golden

Robert J. Golden
Michael G. Patrizio
Dowd & Dowd, Ltd.
2277 West Monroe Street—Suite 2650
Chicago, Illinois 60606
Tel.: (312) 704-4400
rgolden@dowdanddowd.com
mpatrizio@dowdanddowd.com