# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JENNIFER EXNER, individually, and as
Administrator of the Estate of John Jay
Exner, Deceased,

        Plaintiff,

    v.

ROBERT F. EBEL, THE FEIL
ORGANIZATION, INC., a New York.
Corporation, MANINDERJIT LAMBU
SINGH, SCHNEIDER NATIONAL
CARRIERS, INC., a Nevada Corporation,
EAN HOLDINGS, LLC, a Delaware Limited
Liability Company,

        Defendants.

Case No. 1:22-cv-05275

---

## DEFENDANT EAN HOLDINGS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

Defendant EAN HOLDINGS, LLC, a Delaware Limited Liability Company ("EAN"), by

its counsel Foley & Lardner LLP, answers Plaintiff's Complaint at Law as follows:

## COMMON FACTS

1.    At all times relevant, John Jay Exner ("Decedent") resided in Fargo, North Dakota.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph and therefore denies them.

2.    At all times relevant, Decedent was employed as a truck driver for Donegal

Services, based in Lemont, Illinois.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph and therefore denies them.

3.    At all times relevant, Defendant Ebel resided in Chicago, Cook County, Illinois.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

4.      At all times relevant, Defendant Ebel was an employee of Defendant Feil as a leasing representative for North Riverside Mall.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

5.      At all times relevant, Defendant Feil was a real estate firm incorporated and headquartered in New York.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

6.      At all times relevant, Defendant Feil owned, operated and maintained North Riverside Mall, in North Riverside, Cook County, Illinois.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.      At all times relevant, Defendant Singh resided in Oak Creek, Milwaukee County, Wisconsin.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

8.      At all times relevant, Defendant Singh was employed as a truck driver for Defendant Schneider.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

9.     At all times relevant, Defendant Schneider was incorporated in Nevada, headquartered in Wisconsin, and maintained a registered agent in Chicago, Cook County, Illinois.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

10.     At all times relevant, Defendant EAN was a Delaware Limited Liability Company that conducted business and maintained a registered agent in Chicago, Cook County, Illinois.

**Answer:** EAN admits that it is a Delaware Limited Liability Company. EAN also admits that it maintains a registered agent in Chicago, Cook County, Illinois. To the extent a further response is required, EAN denies the remaining allegations in this paragraph.

11.     On August 22, 2020, Decedent dropped off a truck on behalf of Donegal Services and was given a rental car, paid for by Donegal, to drive back home.

**Answer:** EAN admits that Simon Bradley rented the 2020 Toyota Camry at issue in this lawsuit, and Decedent was listed as an additional driver on the rental agreement. EAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

12.     The rental car was a 2020 Toyota Camry, owned, maintained, and controlled by Defendant EAN.

**Answer:** EAN admits that the vehicle at issue was a 2020 Toyota Camry. EAN admits that it is the titled owner of the 2020 Toyota Camry.  EAN denies the remaining allegations in this paragraph.

13.     Donegal Services booked, paid for, and secured delivery of the vehicle from Defendant EAN for Decedent to use.

**Answer:** EAN admits that Simon Bradley rented the 2020 Toyota Camry at issue in this lawsuit from Enterprise Leasing Company of Chicago, LLC. To the extent a further response is required, EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

14.     On said date, Decedent was operating Defendant EAN's vehicle, and was traveling southbound on 1-55.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15.     As Decedent was operating said vehicle at said time and place, upon information and belief, the vehicle began to malfunction, causing Decedent to pull off onto the shoulder of southbound 1-55 just past the Cass Ave. exit in Downers Grove, DuPage County, Illinois.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

16.     On said date, time, and place, Defendant Singh was operating a semi-tractor and trailer, traveling southbound on I-55.

**Answer:**  EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

17.     On said date, time and place, Defendant Singh made maneuvers to make it appear that he had intended to exit southbound 1-55 at Cass Ave.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

4868-3277-5993.2

18. At the last minute, as Defendant Singh was passing the Cass Ave. exit, Defendant Singh spontaneously and without warning, maneuvered his vehicle to remain in the rightmost lane of southbound I-55.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19. On said date, time, and place, Defendant Ebel was driving behind Defendant Singh on southbound I-55.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20. At all times relevant, Defendant Ebel was driving a vehicle paid for by his employer, Defendant Feil, which was given to Defendant Ebel for employment purposes.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

21. At all times relevant, Defendant Ebel was acting within the scope of his employment.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

22. On said date, time, and place, as Defendant Singh maneuvered to exit at Cass Ave., Defendant Ebel prepared to pass Defendant Singh.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

4868-3277-5993.2

23. On said date, time, and place, when it became apparent that Defendant Singh was not going to exit at Cass Ave., Defendant Ebel, chose to try and pass Defendant Singh on the shoulder of southbound 1-55.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

24. On said date, time, and place, Defendant Ebel saw Decedent parked on the shoulder of southbound I-55, just past the Cass Ave. exit.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

25. On said date, time, and place, despite Defendant Ebel knowing Decedent was parked on the shoulder, Defendant Ebel proceeded to attempt to pass Defendant Singh on the shoulder of southbound I-55, causing a collision with Decedent and Defendant Singh.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

26. As a result of the collision, Decedent succumbed to his injuries on August 23, 2020.

**Answer:** EAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

## COUNT I -- NEGLIGENCE
### JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. Robert F. Ebel

27. Plaintiff hereby incorporates the allegations contained in paragraphs 1-26 herein as set fully forth as paragraph 27 of Plaintiff's Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 as though fully set forth herein.

4868-3277-5993.2

28.     At all times relevant, Decedent was in the exercise of due care and caution for his own safety and the safety of others.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

29.     On said date, time, and place, Defendant Ebel owed to Decedent, a duty to operate, maintain and control his motor vehicle in a safe and lawful manner.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

30.     Notwithstanding said duty, at said time and place, Defendant Ebel was guilty of one or more of the following careless and negligent acts or omissions.

a) Operated his motor vehicle without keeping a proper and sufficient lookout;

b) Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

c) Attempted to pass on the right of Defendant Singh in violation of 625 ILCS 5/11703(a);

d) Drove on the shoulder in violation of 625 ILCS 5/11-709.1(a);

e) Followed to closely to Defendant Singh in violation 625 ILCS 5/11-710;

f) Failed to yield, to Plaintiff who was lawfully stopped on the right-shoulder;

g) Operated his motor vehicle in a dangerous and reckless manner

h) Was otherwise negligent in the operation of his motor vehicle so as to cause a collision with the Decedent's vehicle

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

4868-3277-5993.2

31.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant Ebel, his vehicle came into contact causing a collision with Decedent's vehicle.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

32.     As a direct and proximate result of the aforementioned collision, Decedent was killed.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, ROBERT F. EBEL, in an amount in excess of $50,000.00, plus costs.

### COUNT II -- RESPONDEAT SUPERIOR
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. The Feil Organization, a New York Corporation**

33.     Plaintiff re-alleges and restates Paragraphs 1-26 as though fully set forth herein as Paragraph 33 of Plaintiff's Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 as though fully set forth herein.

34.     At all times relevant, Defendant Feil was the owner of the vehicle driven by Defendant Ebel, which was then and there being operated by its duly authorized agent, servant and/or employee, Defendant Ebel.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

8

35. At all times relevant, Defendant Ebel was acting within the scope of his employment for Defendant Feil.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

36. On said date, time, place, and location, Defendant Feil had a duty, at all times relevant hereto, to prevent such negligent acts or omissions from occurring and is vicariously liable under the doctrine of respondent superior for such negligent acts or omissions of its duly authorized agent, servant and/or employee, Defendant Ebel.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, THE FEIL ORGANIZATION, a New York Corporation, in an amount in excess of $50,000.00, plus costs.

## COUNT III -- NEGLIGENCE
### JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. MANINDERJIT LAMBU SINGH (Against Defendant FCA US LLC)

37. Plaintiff hereby incorporates the allegations contained in paragraphs 1-26 herein as paragraph 37 of Plaintiff's Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 as though fully set forth herein.

38. At all times relevant, Decedent was in the exercise of due care and caution for his own safety and the safety of others.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

39.     On said date, time, and place, Defendant Singh owed to Decedent a duty to operate, maintain and control his motor vehicle in a safe and lawful manner.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

40.     Notwithstanding said duty, at said time and place, Defendant Singh was guilty of one or more of the following careless and negligent acts or omissions.

a) Operated his motor vehicle without keeping a proper and sufficient lookout;

b) Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

c) Failed to safely transition between lanes in violation of 625 ILCS 5/11-709(a);

d) Operated his motor vehicle in a dangerous and reckless manner;

e) Was otherwise negligent in the operation of his motor vehicle so as to cause a collision with the Decedent's vehicle, which was lawfully present.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

41.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant Singh, Defendant Ebel's vehicle came into contact causing a collision with the Decedent's vehicle.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

42.     As a direct and proximate result of the aforementioned collision, Decedent was killed.

4868-3277-5993.2

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH, in the amount in excess of $50,000.00, plus costs.

**COUNT IV -- RESPONDAET SUPERIROR**
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. SCHNEIDER NATIONAL CARRIERS INC., a Nevada Corporation**

43.     Plaintiff re-alleges and restates Paragraphs 1-26, and 37-42 as though fully set forth herein as Paragraph 43 of Plaintiff's Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 and 37-42 as though fully set forth herein.

44.     At all times relevant, Defendant Schneider was responsible for the vehicle driven by Defendant Singh, which was then and there being operated by its duly authorized agent, servant and/or employee, Defendant Singh.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

45.     At all times relevant, Defendant Singh was acting within the scope of his employment for Defendant Schneider.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

46.     On said date, time, place and location, Defendant Schneider had a duty, at all times relevant hereto, to prevent such negligent acts or omissions from occurring and is vicariously liable

under the doctrine of respondent superior for such negligent acts or omissions of its duly authorized agent, servant and/or employee, Defendant Singh

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, SCHNEIDER NATIONAL CARRIERS, INC, a Nevada Corporation, in an amount in excess of $50,000.00, plus costs.

**COUNT V -- NEGLIGENCE**
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. EAN HOLDINGS, a Delaware Limited Liability Company**

47.     Plaintiff hereby incorporates the allegations contained in paragraphs 1-26 herein as paragraph 47 of Plaintiff's Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 as though fully set forth herein.

48.     At all times relevant Defendant EAN Holdings was the registered owner of the 2020 Toyota Camry.

**Answer:**  EAN admits that it is the titled owner of the 2020 Toyota Camry.  EAN denies the remaining allegations in this paragraph.

49.     At all times relevant Defendant EAN Holdings has duty [sic] to properly maintain the 2020 Toyota Camry in a safe and usable manner.

**Answer:** This paragraph states a legal conclusion to which no response is required. To the extent a response is required, EAN denies the allegations in this paragraph.

4868-3277-5993.2

50.     Despite said duty, Defendant EAN Holdings failed to maintain the 2020 Toyota Camry in a safe and usable manner.

**Answer:** This paragraph states a legal conclusion to which no response is required. To the extent a response is required, EAN denies the allegations in this paragraph.

51.     As a direct and proximate result of one or more of the foregoing acts and/or omissions, the vehicle malfunctioned causing the Decedent to stop in the southbound shoulder of I-55 just past the Cass Ave. exit, where Decedent was struck and killed.

**Answer:** This paragraph states a legal conclusion to which no response is required. To the extent a response is required, EAN denies the allegations in this paragraph.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, EAN HOLDINGS, LLC, a Delaware Limited Liability Company, in an amount in excess of $50,000.00, plus costs.

**Answer:** EAN denies that Plaintiffs are entitled to judgment against it, and specifically denies that it is liable to Plaintiff in any way.

### COUNT VI -- WRONGFUL DEATH
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. Robert F. Ebel**

52.     Plaintiff hereby incorporates the allegations contained in paragraphs 1-36 herein as set fully forth as paragraph 52 of Plaintiff's Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-36 as though fully set forth herein.

53.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Robert Ebel, Decedent was fatally injured, the decedent's

surviving family have been deprived of the love, care, and support as a result of said accident and herewith claims such as damages arising now and into the future.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

54.     Plaintiff brings this action as such administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, Robert Ebel, in an amount in excess of $50,000.00, plus costs.

**COUNT VII -- WRONGFUL DEATH**
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. The Feil Organization, a New York Corporation**

55.     Plaintiff re-alleges and restates Paragraphs 1-26 and 33-36, as though fully set forth herein as Paragraph 55 of Plaintiff's Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 and 33-36 as though fully set forth herein.

56.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Feil, Decedent was fatally injured, the decedent's surviving family have been deprived of the love, care, and support as a result of said accident and herewith claims such as damages arising now and into the future.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

57.     Plaintiff brings this action as such administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, Robert Ebel, in an amount in excess of $50,000.00, plus costs.

## COUNT VIII -- WRONGFUL DEATH
### JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. MANINDERJIT LAMBU SINGH

58.     Plaintiff re-alleges and restates Paragraphs 1-26 and 37-42, as though fully set forth herein as Paragraph 58 of Plaintiffs Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 and 37-42 as though fully set forth herein.

59.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Singh, Decedent was fatally injured, the decedent's surviving family have been deprived of the love, care, and support as a result of said accident and herewith claims such as damages arising now and into the future.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

60.     Plaintiff brings this action as such administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

4868-3277-5993.2

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH , a New York Corporation, in an amount in excess of $50,000.00, plus costs.

**COUNT IX -- WRONGFUL DEATH**
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. SCHNEIDER NATIONAL CARRIERS INC., a Nevada Corporation**

61.     Plaintiff re-alleges and restates Paragraphs 1-26 and 43-46, as though fully set forth herein as Paragraph 61 of Plaintiffs Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 and 43-46 as though fully set forth herein.

62.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Schneider, Decedent was fatally injured, the decedent's surviving family have been deprived of the love, care, and support as a result of said accident and herewith claims such as damages arising now and into the future.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

63.     Plaintiff brings this action as such administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, SCHNEIDER NATIONAL CARRIERS INC., in an amount in excess of $50,000.00, plus costs.

## COUNT X -- WRONGFUL DEATH
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. EAN HOLDINGS, a Delaware Limited Liability Company**

64. Plaintiff re-alleges and restates Paragraphs 1-26 and 47-51, as though fully set forth herein as Paragraph 64 of Plaintiffs Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 and 47-51 as though fully set forth herein.

65. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of EAN, Decedent was fatally injured, the decedent's surviving family have been deprived of the love, care, and support as a result of said accident and herewith claims such as damages arising now and into the future.

**Answer:** This paragraph states a legal conclusion to which no response is required. To the extent a response is required, EAN denies the allegations in this paragraph.

66. Plaintiff brings this action as such administrator pursuant to, and as authorized by 740 ILCS 180/1 and pursuant to 740 ILCS 180/1 et seq.

**Answer:** This paragraph states a legal conclusion to which no response is required. To the extent a response is required, EAN denies the allegations in this paragraph.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, EAN HOLDINGS, in an amount in excess of $50,000.00, plus costs.

**Answer:** EAN denies that Plaintiff is entitled to the relief requested, or any relief whatsoever, in connection with the claims asserted against EAN in Plaintiff's Complaint

## COUNT XI -- SURVIVAL ACTION
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. Robert F. Ebel**

67. Plaintiff re-alleges and restates Paragraphs 1-36 as though fully set forth herein as Paragraph 67 of Plaintiff's Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-36 as though fully set forth herein.

68. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Ebel, Decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future income as a result of said accident and herewith claims such as damages arising now and into the future.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

69. That Plaintiff brings this action as such administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH, in an amount in excess of $50,000.00, plus costs.

## COUNT XII -- SURVIVAL ACTION
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. The Feil Organization, a New York Corporation**

70. Plaintiff re-alleges and restates Paragraphs 1-26 and 33-36 as though fully set forth herein as Paragraph 70 of Plaintiffs Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 and 33-36 as though fully set forth herein.

71.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Feil, Decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future income as a result of said accident and herewith claims such as damages arising now and into the future.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

72.     That Plaintiff brings this action as such administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH, in an amount in excess of $50,000.00, plus costs.

**COUNT XIII -- SURVIVAL ACTION**
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. MANINDERJIT LAMBU SINGH**

73.     Plaintiff hereby incorporates the allegations contained in paragraphs 1-26 and 37-42 herein as Paragraph 73 of Plaintiff's Complaint.

**Answer** EAN incorporates its responses to paragraphs 1-26 and 37-42 as though fully set forth herein.

4868-3277-5993.2

74. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Singh, Decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future income as a result of said accident and herewith claims such as damages arising now and into the future.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

75. That Plaintiff brings this action as such administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH, in an amount in excess of $50,000.00, plus costs.

## COUNT XIV -- SURVIVAL ACTION
**JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. SCHNEIDER NATIONAL CARRIERS INC., a Nevada Corporation**

76. Plaintiff hereby incorporates the allegations contained in paragraphs 1-26 and 43-46 herein as Paragraph 76 of Plaintiffs Complaint.

**Answer:** EAN incorporates its responses to paragraphs 1-26 and 43-46 as though fully set forth herein.

77. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Schneider, Decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future

4868-3277-5993.2

income as a result of said accident and herewith claims such as damages arising now and into the future.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

78. That Plaintiff brings this action as such administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. seq.

**Answer:** The allegations of this paragraph are not directed at EAN, so no response is required.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, SCHNEIDER NATIONAL CARRIERS INC., in an amount in excess of $50,000.00, plus costs.

<strong>COUNT XV -- SURVIVAL ACTION</strong><br>
<strong>JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased v. EAN HOLDINGS, a Delaware Limited Liability Company</strong>

79. Plaintiff hereby incorporates the allegations contained in paragraphs 1-26 and 47-51 herein as Paragraph 79 of Plaintiff's Complaint

**Answer:** EAN incorporates its responses to paragraphs 1-26 and 47-51 as though fully set forth herein.

80. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, EAN, Decedent was fatally injured, experienced severe pain and suffering, incurred expenses for funeral expenses, and loss of future income as a result of said accident and herewith claims such as damages arising now and into the future

4868-3277-5993.2

**Answer:** This paragraph states a legal conclusion to which no response is required. To the extent a response is required, EAN denies the allegations in this paragraph.

81.     That Plaintiff brings this action as such administrator pursuant to, and as authorized by 755 ILCS 5/27-6 and pursuant to 755 ILCS 5/27-6 et. Seq.

**Answer:** This paragraph states a legal conclusion to which no response is required. To the extent a response is required, EAN denies the allegations in this paragraph.

WHEREFORE, Plaintiff, JENNIFER EXNER, individually, and as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, EAN HOLDINGS, in an amount in excess of $50,000.00, plus costs.

**Answer:** EAN denies that Plaintiff is entitled to the relief requested, or any relief whatsoever, in connection with the claims asserted against EAN in Plaintiff's Complaint.

## <u>EAN HOLDING, LLC'S AFFIRMATIVE DEFENSES</u>

Without prejudice to its denials or other statements in its pleadings, EAN, for its separate and affirmative defenses, states as follows:

### <u>FIRST AFFIRMATIVE DEFENSE</u>
### FAILURE TO STATE A CLAIM

Plaintiffs fail to state a claim upon which relief can be granted against EAN.

### <u>SECOND AFFIRMATIVE DEFENSE</u>
### CONTRIBUTORY FAULT

Any injury or damage allegedly sustained by Decedent was caused solely by his own negligence and/or which constitutes a superseding cause of his injuries.

4868-3277-5993.2

## THIRD AFFIRMATIVE DEFENSE
### NEGLIGENCE OF OTHERS

Any injury or damage allegedly sustained by Decedent was caused by Decedent himself and/or third parties over whom EAN had no control and for whom EAN is neither responsible nor liable, and such negligence of Decedent or such third parties bars Plaintiffs' recovery or comparatively reduces the percentage of fault, if any, of EAN.

## FOURTH AFFIRMATIVE DEFENSE
### SUPERSEDING/INTERVENING CAUSE

Any injury or damage allegedly sustained by Plaintiffs was directly and proximately caused by the superseding, intervening acts or omissions of third parties over whom EAN had no control and for whom EAN is neither responsible nor liable.

## FIFTH AFFIRMATIVE DEFENSE
### PROXIMATE CAUSE

There is not proximate cause between any alleged act, omission, or breach of duty by EAN and Plaintiffs' purported damages, injuries, or losses, if any.

## SIXTH AFFIRMATIVE DEFENSE
### PLAINTIFFS' CLAIMS PREEMPTED OR BARRED BY FEDERAL LEGISLATION

Plaintiffs' claims are preempted or barred, in whole or in part, by federal legislation and regulations, including, but not limited to, the Motor Vehicle Safety Act, the National Highway Traffic Safety Act, and the regulations promulgated by the National Highway Safety Administrations through the Supremacy Clause of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE
### DUTY

EAN asserts that the Complaint, including each and every cause of action asserted against EAN, is barred in whole or in part because EAN did not owe a duty to Plaintiff with respect to the matters alleged in the Complaint.

4868-3277-5993.2

## EIGHTH AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE

To the extent Decedent failed to mitigate his damages, Plaintiffs' claims are barred or Plaintiffs' damages must be reduced, for failure to take reasonable steps to mitigate those damages.

## NINTH AFFIRMATIVE DEFENSE
### ASSUMPTION OF RISK

Decedent was aware of the risk of negligently operating the rental vehicle. Decedent voluntarily proceeded to operate the vehicle in a negligent manner considering the known risks. Plaintiffs' damages, if any, are the sole proximate result of Decedent's assumption of the risk.

## TENTH AFFIRMATIVE DEFENSE
### INDEMNITY/CONTRIBUTION

EAN asserts that the Complaint, including each and every cause of action asserted against EAN, is barred in whole or in part to the extent that EAN is entitled to full or partial indemnity and/or contribution from such other individuals or entities, including without limitation, non-parties, who expressly, equitably, or impliedly agreed to indemnify, defense, or hold harmless EAN from alleged damages or liabilities as claimed by Plaintiffs.

## ADDITIONAL AFFIRMATIVE DEFENSES

EAN reserves the right to allege other affirmative defenses as they become known through the course of discovery in this matter.

WHEREFORE, EAN HOLDINGS, LLC denies that Plaintiff Jennifer Exner, individually, and as the Administrator of the Estate of John Jay Exner, Deceased is entitled to judgment against it, and specifically denies that it is liable to Plaintiff in any way. EAN therefore demands judgment in its favor and such other relief as this court deems just and proper.

4868-3277-5993.2

Dated: November 17, 2022          EAN HOLDINGS, LLC

By: */s/ Jasmine Reed*
                          Counsel

Jasmine J. Reed
Jeffrey A. Soble

FOLEY & LARDNER LLP
321 N Clark St, Suite 3000
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
jsoble@foley.com
jreed@foley.com


*Counsel for Defendant EAN HOLDINGS, LLC*

4868-3277-5993.2

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2022, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ *Jasmine Reed*
Jasmine J. Reed